UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LEONEL MORALES § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:11-cv-7 |
| § | CRIMINAL ACTION NO. 5:08-cr-1981 |
| UNITED STATES OF AMERICA § | |

### ORDER DISMISSING PETITIONER'S 28 U.S.C. § 2255 MOTION

Pending before the Court is Leonel Morales' ("Morales") "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After reviewing the motion, record and controlling authorities, the Court **DISMISSES** the motion.

### I.     BACKGROUND

On December 1, 2008, a federal grand jury in Laredo, Texas, returned an indictment charging Morales with receiving a bribe as a public official in violation of 18 U.S.C. § 201(b)(2)(A) and (C) and 18 U.S.C. § 2.[2] Additionally, Morales was charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) and possessing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2.[3]

On January 6, 2009, Morales pleaded guilty to Count One pursuant to a written plea agreement.[4] As part of his written plea agreement with the government, Morales waived his rights to appeal or collaterally attack his conviction or sentence. Specifically, the agreement states:

---

[1] Dkt. No. 1. ("Dkt. No. refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:11-cv-7. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-1981).
[2] Cr. Dkt. No. 1.
[3] *Id.*
[4] Minute Entry January 6, 2009; Cr. Dkt. No. 55.

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.[5]

On April 1, 2009, the Court sentenced Morales to 168 months imprisonment and 3 years of supervised release.[6] On April 10, 2009, Morales filed a notice of appeal.[7] Judgment was entered on April 17, 2009.[8] Eventually, Morales' appeal was dismissed on December 23, 2009.[9]

Morales filed this 28 U.S.C. § 2255 motion on January 24, 2011. The Court construes his *pro se* motion broadly.[10] In his motion Morales claims ineffective assistance of counsel related to his plea and waivers, various sentencing issues and his counsel's performance on appeal. Additionally, Morales claims that the government breached the plea agreement.[11]

## II. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[12] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to

---

[5] Cr. Dkt. No. 23 at ¶ 7.
[6] Cr. Dkt. No. 55; Minute Entry April 1, 2009.
[7] Cr. Dkt. No. 52.
[8] Cr. Dkt. No. 55.
[9] Cr. Dkt. No. 74.
[10] *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).
[11] Dkt. No. 1.
[12] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

collateral attack.[13] After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."[14]

### B. Plea and Waiver of Right to Appeal and Right to Mount Collateral Attacks

"[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."[15] In determining whether the waiver bars subsequent claims, a court must first determine "whether the waiver was knowing and voluntary," and then evaluate whether the waiver "applies to the circumstances at hand, based on the plain language of the agreement."[16] In a collateral attack, a district court may examine the validity of an appeal waiver.[17]

Similarly, in most situations, a defendant may waive his right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255.

> In this circuit, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." To date, we have recognized one exception to this general rule: an ineffective-assistance claim survives a § 2255 waiver, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." . . .
> We join two other circuits that have stated that a § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum.[18]

Because there is "no principled means of distinguishing [a § 2255] waiver from the waiver of a right to appeal[,]"[19] a district court may evaluate the validity of § 2255 waiver by employing the same inquiry that is used in the waiver of appeal context. Accordingly, the Court first evaluates

---

[13] 28 U.S.C. § 2255 (2006); *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).
[14] 28 U.S.C. § 2255, PROC. R. 4(b).
[15] *United States v. Wilkes*, 20 F.3d 651,653 (5th Cir. 1994) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992).
[16] *United States v. Bond*, 414 F.3d 542, 544(5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746-747 (5th Cir. 2005).
[17] *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007).
[18] *United States v. Hollins*, 97 Fed.Appx. 477, 479, (5th Cir. 2004) (quoting *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per curiam); *United States v. White,* 307 F.3d 336, 343 (5th Cir.2002))(citations omitted).
[19] *Cf. Wilkes*, 20 F.3d at 653.

whether the § 2255 waiver was knowingly and voluntarily entered and then examines whether the waiver applies to the relevant circumstances.

When determining whether a defendant's waivers were knowing and voluntary, the Court is mindful of the Fifth Circuit's position that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."[20] The Supreme Court stated the following regarding the requisite understanding in the guilty plea context, "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[21]

The Court pays careful attention to the previous proceedings and declarations by a defendant. "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a *formidable barrier* in any subsequent collateral proceedings. *Solemn declarations in open court carry a strong presumption of verity*."[22]

The Court emphasizes that when a defendant waives his appellate and 28 U.S.C. § 2255 rights, the list of exceptions by which a defendant may plead around his waivers is extremely short. The primary exception is where a defendant claims ineffective assistance of counsel that "directly affect[s] the validity of the waiver or the plea itself."[23]

---

[20] *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).
[21] *United States v. Ruiz*, 536 U.S. 622, 630 (2002) (citations omitted).
[22] *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (emphasis added).
[23] *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

### C. Morales' Plea and Waiver at Rearraignment

At the rearraignment, the Court placed Morales under oath.[24] Consistent with the requirements of Federal Rule of Criminal Procedure 11,[25] the Court advised Morales of his rights, the charge against him and the consequences of pleading guilty. The Court reviewed Count One of Morales' indictment.[26] The Court asked Morales if he understood the charge, and Morales said he understood.[27] The Court advised Morales to raise his hand if there was anything that he did not understand and the Court would further clarify it for him.[28] Morales said he understood.[29] The Court warned Morales that he was under oath and that if lied to the Court he could be prosecuted for a separate offense of perjury.[30] The Court asked Morales if he had had enough time to discuss his case with his attorney privately and ask his attorney the questions he needed to ask in order to plead guilty to Count One.[31] Morales responded, "Yes, your Honor."[32]

The Court then reviewed portions of the written plea agreement with Morales. Morales affirmed that in return for the government's agreement to dismiss the remaining counts at sentencing, to not oppose a two-level downward adjustment as contemplated by the sentencing guidelines and to not oppose a one-level downward departure based on the timeliness of the plea if his base offense level was 16 or greater under the sentencing guidelines, Morales had agreed to plead guilty to Count One and give up his rights to appeal or collaterally attack his conviction or sentence after it became final.[33] Morales said he had had plenty of time to go through the plea

---

[24] Cr. Dkt. No. 67 at p. 7.
[25] *See* FED. R. CRIM. P. 11(b).
[26] Dkt. No. 67 at pp. 7-8.
[27] *Id.* at p. 8.
[28] *Id.*
[29] *Id.*
[30] *Id.* at p. 9.
[31] *Id.*
[32] *Id.*
[33] *Id.* at pp. 9-11, 25-26.

agreement *in detail* with his attorney.[34] He also confirmed that he had signed the plea agreement.[35] Morales affirmed that no one had promised him anything outside the plea agreement in order to get him to plead guilty.[36] Morales then stated that he understood that the plea agreement was not binding on the district judge.[37]

Morales told the Court he was not under the influence of alcohol, drugs or medication.[38] He denied that he had been treated for mental problems, psychiatric problems or had an injury to his brain.[39] Morales confirmed that no one had forced or threatened him to get him to plead guilty.[40] Morales affirmed he was pleading guilty freely and voluntarily—that it was his decision to plead guilty.[41] Morales' attorney stated that he was satisfied that his client was competent to proceed with a guilty plea.[42]

The Court then covered the maximum penalties Morales was facing, including the fact that he was facing up to fifteen years in prison.[43] Morales said he understood.[44] The Court then addressed the sentencing guidelines. The Court warned Morales that when his attorney talked with Morales about the guidelines, he was only making a best guess or estimate of where Morales' case would fall under the guidelines, and that after doing an investigation, probation could recommend a different score than Morales' attorney predicted.[45] Morales said he understood.[46] The Court then told Morales that the guidelines were only one factor that would be considered by the Court and that the Court could give him a more sever or less severe

---

[34] *Id.* at p. 11.
[35] *Id.*
[36] *Id.*
[37] *Id.* at pp. 11-12.
[38] *Id.* at pp. 13-14.
[39] *Id.* at p. 14.
[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.* at pp. 14-17.
[44] *Id.* at p. 17.
[45] *Id.* at p. 17.
[46] *Id.* at p. 18.

sentence than what was calculated under the guidelines.[47] At this point, Morales asked a question which induced an extensive discussion about the guidelines and relevant conduct.[48] Ultimately, Morales said he understood.[49]

    The Court then advised Morales of his right to plead not guilty, his right to trial and other associated rights.[50] The Court told Morales that if he pleaded guilty there would not be a trial and the Court would take him at his word that he was guilty of the conduct alleged in Count One.[51] Morales said he understood.[52] Morales' attorney affirmed that he felt that Morales understood the charges against him and the consequences of pleading guilty.[53] Morales then stated that he felt he understood everything the Court had explained to him.[54] Morales said he had no other questions.[55]

    Morales then pleaded guilty and said he was guilty of the offense alleged.[56] The government then read an extensive factual basis.[57] Apart from one small exception, Morales agreed with the factual basis.[58] The Court then covered some specific facts with Morales.[59] The Court then accepted Morales' plea and found that the plea was knowing and voluntary, that there was a factual basis for each element of the offense in Count One, and that Morales was competent to understand the nature of the charges against him and the consequences of pleading guilty.[60]

---

[47] *Id.* at p. 18.
[48] *Id.* at p. 19-24.
[49] *Id.* at p. 24.
[50] *Id.* at pp. 26-27.
[51] *Id.*at p. 27.
[52] *Id.*
[53] *Id.* at p. 28.
[54] *Id.*
[55] *Id.*
[56] *Id.*
[57] *Id.* at pp. 29-35.
[58] *Id.* at p. 35.
[59] *Id.* at p. 36-39.
[60] *Id.* at p. 39.

Based on the above review of the record, it appears that Morales' plea and waivers were entered into knowingly and voluntarily. The Court must next consider, however, whether the claims made here impact the validity of those waivers.

### D.     Ineffective Assistance of Counsel

Morales grounds his § 2255 petition in part on a claim of ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Morales must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Morales suffered prejudice as a result.[61] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ."[62]

As explained above, in limited circumstances, a petitioner may plead around a waiver with a claim of ineffective assistance of counsel pertaining to the plea or waiver. Morales' claims of ineffective assistance of counsel pertain to two distinct portions of his proceedings.

#### 1.     Ineffective Assistance of Counsel Related to Morales' Plea and Waivers

Morales makes two claims that could bear on the validity of his plea and waiver. First, Morales claims that his attorney was ineffective when he advised Morales "to enter into a plea agreement without any protections, with little benefit to the defendant, and an appeal waiver."[63] The Court disagrees with Morales' description of what happened. Morales received significant protection from his plea agreement. The primary benefit Morales received was the government's

---

[61] *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).
[62] *Id.* at 689.
[63] Dkt. No. 1 at p. 4.

agreement to drop the remaining charges.[64] If Morales had been convicted under Counts Two or Three, he could have been facing a sentence of ten years to life in prison.[65] In contrast, the statutory maximum for Count One was fifteen years in prison.[66] The plea agreement significantly reduced Morales' potential prison time and entirely removed the possibility of receiving a sentence in excess of fifteen years. Morales' agreement to waive his appeal was an integral part of that plea agreement. In short, even if Morales' attorney advised him to plead guilty and waive his appeal, that advice was objectively reasonable in light of the extensive benefits Morales received.

Second, Morales claims that his attorney did not inform him of the sentencing consequences.[67] If Morales means that he was unaware of maximum penalties he was facing, this assertion is wholly contradicted by the record. The plea agreement set out the statutory maximum penalties,[68] and Morales told the Court he had gone through the plea agreement in detail with his attorney. Even if Morales' attorney did not cover the penalties with him, Morales cannot show prejudice because the Court explained the maximum penalties to Morales and he said that he understood.

Additionally, if Morales is asserting that his attorney did not explain how his sentence would be calculated, he cannot show prejudice. He was warned that the guidelines could be calculated differently than they were calculated by his attorney, and that the alleged conduct from the entire episode could be considered.[69] He was also warned that the Court could sentence him above the guidelines, and Morales said he understood.[70]

---

[64] Cr. Dkt. No. 23 at ¶ 10(a).
[65] Cr. Dkt. No. 1; *See* 21 U.S.C. § 841(b)(1)(A)(ii).
[66] Dkt. No. 1; 18 U.S.C. § 201(b)(2)(A) & (C).
[67] Dkt. No. 1 at p. 4.
[68] Cr. Dkt. No. 23 at ¶ 2.
[69] Cr. Dkt. No. 67 at pp. 17-25.
[70] *Id.* at p. 25.

## 2. Ineffective Assistance of Counsel Post-Plea

The remaining claims of ineffective assistance of counsel in Morales' petition relate to his counsel's assistance after Morales pleaded guilty. Morales waived his rights to attack his sentence, and his complaints about his attorney's performance at sentencing do not undermine the validity of Morales' plea or waiver. Therefore, the Court cannot reach the merits of his claims of ineffective assistance of counsel at sentencing because they fall squarely within the scope of his § 2255 waiver, and no exceptions apply.

Next, Morales challenges his counsel's performance on appeal. Morales claims, "[o]n appeal, counsel lacked diligence in prompt perfection of the same and in presenting clear appellate arguments for a more reasonable sentence." Despite his appellate waiver, Morales appealed his sentence.

The elephant in the room is the fact that Morales waived his right to appeal. The Fifth Circuit did not handle the appeal on its merits, but instead granted the government's motion to dismiss the appeal without an opinion.[71] Since Morales validly waived his appellate and § 2255 rights, the Court's review of ineffective assistance of counsel on appeal is severely limited. The only issue the Court may consider is whether the attorney complied with *Roe v. Flores-Ortega*[72] as applied in this circuit.[73] Morales' attorney timely filed a notice of appeal and even filed a brief in support of the appeal.[74] Due to Morales' waiver of his right to file a § 2255 motion, the Court may not review his counsel's performance after he filed a timely notice of appeal. But even if the Court were to review the performance of Morales' attorney, it would difficult—if not

---

[71] Appellee's Motion to Dismiss Appeal, *United States v. Morales*, 5th Cir. No. 09-40412, 51960116 (Nov. 12, 2009); Order Dismissing Appeal, *United States v. Morales*, 5th Cir. No. 09-40412, 51990357 (Dec. 23, 2009).
[72] 528 U.S. 470 (2000).
[73] *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).
[74] Cr. Dkt. No 52; Appellant's Brief, *United States v. Morales*, 5th Cir. No. 09-40412, Document 51946253 (October 21, 2009).

impossible—for Morales to show ineffective assistance of counsel on appeal because he waived his appellate rights.

The Fifth Circuit recognized the gravity of waivers in *United States v. Baty* when it stated,

> When a defendant waives her right to appeal, she gives up the very valuable right to correct a district court's unknown and unannounced sentence. After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence. Indeed, the defendant may find herself serving unnecessary jail time. Yet, the defendant, who has waived her right to appeal, cannot appeal these errors.[75]

*Baty* explains why the Court went to such great lengths in Morales' case to ensure that his waivers were knowing and voluntary. Morales knowingly and voluntarily waived his rights to appeal and collaterally attack his sentence and conviction. He received the benefit of his bargain through the government's concessions in the plea agreement. He may not now escape the consequences of that valid waiver simply because he is dissatisfied with his sentence.

### E. Government's Alleged Breach of Plea Agreement

Morales claims that the government breached its plea agreement. The Fifth Circuit stated that "an alleged breach of a plea agreement may be raised despite a waiver provision."[76]

> The Government is required strictly to adhere to plea agreements.
>> If a defendant pleads guilty as part of a plea agreement, the Government must strictly adhere to the terms and conditions of its promises in the agreement . . . . [A] plea agreement is construed strictly against the Government as the drafter. To assess whether a plea agreement has been violated, this court considers whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.[77]

---

[75] *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).
[76] *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010)(citing *United States v. Keresztury*, 293 F.3d 750, 757 (5th Cir. 2002))(Although *Roberts* dealt with a waiver of appeal, this principle would apply equally to a § 2255 waiver.).
[77] *Id.* at 245-246 (quoting *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 57 (2009)).

Here Morales asserts that the government "breached its plea agreement by not pursuing a 5k Motion for a lesser sentence. . . . In reaching the Plea Agreement and obtaining a guilty plea, stipulation and waiver of appeal, the Government promised a lesser sentence without enhancement."[78] The Court notes that "[t]he defendant bears the burden of demonstrating the underlying facts that established breach by a preponderance of the evidence."[79]

Here Morales has presented no facts that support his assertion that the government breached the plea agreement, and the record directly contradicts his contention. The Court reviewed the section labeled "The United States' Agreements"[80] in Morales' plea agreement and it does not include an agreement for safety valve or 5K recommendation nor does it promise an unenhanced sentence.[81] Importantly, the document itself purports to be the complete agreement.[82] Paragraph 22 states in part: "No promises or representations have been made by the United States except as set forth *in writing in this plea agreement*."[83] Furthermore, after the Court summarized the government's agreements as reflected in the Plea Agreement, the Court asked Morales if anyone had promised him anything outside his plea agreement to get him to plead guilty, and Morales responded: "No, your Honor."[84] In short, Morales' contention is wholly unsupported by the record, and the Court finds that the government did not breach its plea agreement as alleged by Morales.

---

[78] Dkt. No. 1 at p. 8.
[79] *Roberts*, 624 F.3d at 246 (citing *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996)).
[80] Cr. Dkt. No. 23 at ¶ 10.
[81] *Id.*
[82] *Id.* at ¶ 22.
[83] *Id.* (emphasis added).
[84] Cr. Dkt. No. 67 at p. 11.

### III.     CONCLUSION

The Court has reviewed the motion, record and controlling authorities.  Because all the issues raised by Morales are either waived or without merit, the Court **DISMISSES** his motion. Should Morales seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED

DONE this 20th day of April, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE